# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **MARATHON PETROLEUM COMPANY LP, et al.,** | CASE NO. 3:24 CV 147 |
| Plaintiffs,[1] | |
| v. | JUDGE JAMES R. KNEPP II |
| **UNITED STATES OF AMERICA,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

### INTRODUCTION

Currently pending before the Court is the Government's Motion for Judgment on the Pleadings as to Counts II and V of Plaintiffs Marathon Petroleum Company LP, Tesoro Alaska Company LLC, and Tesoro Refining & Marketing Company LLC's Complaints. (Doc. 27). Plaintiffs oppose (Doc. 29), and the Government replies (Doc. 30). Jurisdiction is proper under 28 U.S.C. § 1331 and 1346(a)(1). For the reasons set forth below, the Government's motion is granted.

### BACKGROUND

Plaintiffs filed suit seeking a refund of federal excise taxes they assert the Government erroneously assessed and collected in the second and third quarters of calendar year 2014. (Doc. 1, at 1). Specifically, Plaintiffs assert they are entitled to (and the Internal Revenue Service has

---

1. This case is a consolidation of three individually filed cases: *Marathon Petroleum Company LP v. United States of America*, No. 24 CV 147 (N.D. Ohio); *Tesoro Alaska Company LLC v. United States of America*, No. 24 CV 148 (N.D. Ohio); and *Tesoro Refining & Marketing Company LLC v. United States of America*, No. 24 CV 150 (N.D. Ohio).

failed to permit) a tax credit (and refund based on taxes paid) based on the Alternative Fuel Mixture Credit in 26 U.S.C. § 6426(e) "by failing to act upon [Plaintiffs'] claims for refund based on" this section. *Id.*

During these disputed tax periods, Plaintiffs "purchased and produced butane, which it then blended with gasoline to create butane-gasoline mixtures" and "sold the resulting butane-gasoline mixtures for use as fuel." *Id.* at 10. Plaintiffs' Complaint asserts "[b]utane is a liquefied petroleum gas" and "[b]ecause butane is a liquefied petroleum gas, it is an alternative fuel for purposes of the [Alternative Fuel Mixture Credit]." *Id.* at 8.

As relevant here, Counts II and V of Plaintiffs' Complaint seeks a refund based the alleged overpayment of taxes on butane-gasoline mixtures. *See* Doc. 1, at 12-13, 14-15.

### STANDARD OF REVIEW

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 470 (2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555 (a "formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (the Court is "not bound to accept as true a legal conclusion couched as a factual allegation").

"Statutory interpretation is a question of law." *Roberts v. Hamer*, 655 F.3d 578, 582 (6th Cir. 2011); *see also* Wright & Miller's Federal Practice & Procedure § 1367 (3d ed.) ("Litigation in which the sole question is the applicability or interpretation of a statutory provision is another context in which judgment on the pleadings may be appropriate.")

## DISCUSSION

The Government moves for judgment on the pleadings as to Counts II and V of the Complaints, which are based on assertions Plaintiffs are entitled to an Alternative Fuel Mixture Credit for mixing butane with gasoline. (Doc. 27). In their lawsuits, Plaintiffs seek, *inter alia*, a statutory tax credit for alternative fuel – taken against excise fuel taxes – for gasoline with a butane additive. The availability of such relief, and the narrow question presented by the Government's pending motion, turns on the legal question of whether butane and gasoline is "a mixture of alternative fuel and taxable fuel," or otherwise stated, whether butane is an "alternative fuel" for purposes of the cited alternative fuel mixture tax credit statute. *See* 26 U.S.C. § 6426(e)(2). Each federal district court to consider this issue, as well as three Circuit Courts, have answered this question in the negative. *See Phila. Energy Sols. Refin. & Mktg, LLC v. United States*, 89 F.4th 1364 (Fed. Cir. 2024); *Vitol, Inc. v. United States*, 30 F.4th 248 (5th Cir. 2022); *U.S. Venture, Inc. v. United States*, 2 F.4th 1034 (7th Cir. 2021).[2] Upon review, the Court joins this consensus and grants the Government's Motion.

The Court's analysis starts, as it must, with the text of the statute. *Rotkiske v. Klemm*, 589 U.S. 8, 13 (2019); *United States v. Plavcak*, 411 F.3d 655, 660 (6th Cir. 2005). When looking at the language of the statute, this Court "examines the plain meaning of its words." *In re Corrin*, 849 F.3d 653, 657 (6th Cir. 2017). "It is well established that 'when the statute's language is

---

2. One Judge dissented in the Fifth Circuit case and agreed with Plaintiffs' position. *See Vitol*, 30 F.4th at 257-62 (Elrod, J., dissenting).

plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). Additionally, "the meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991). It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989); *see also Hueso v. Barnhart*, 948 F.3d 324, 333 (6th Cir. 2020) (this "approach 'calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts'") (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012)).

The Tax Code imposes excise taxes on the sale of "taxable fuel[s]," 26 U.S.C. § 4081, and "special" (or "alternative") fuels, *id. at* § 4041. Any fuel taxable under § 4081 is expressly excluded from taxation as an "alternative" fuel under § 4041. *Id.* at § 4041(a)(2)(A) ("There is hereby imposed a tax on any liquid (other than gas oil, fuel oil, *or any product taxable under section 4081*.") (emphasis added). Two tax credit provisions are also relevant: the alternative fuel credit, 26 U.S.C. § 6426(d), and the alternative fuel mixture credit, *Id.* at § 6426(e). The alternative fuel credit reduces the tax burden imposed by § 4041, 26 U.S.C. § 6426(a)(2); the alternative fuel mixture credit reduces the tax burden imposed by § 4081, 26 U.S.C. § 6426(a)(1).

The Fifth Circuit illustrated the two taxes and credits against each in the below charts:

4



*Vitol, Inc.*, 30 F.4th at 251.

Plaintiffs' claims in Counts II and V arise under the alternative fuel mixture tax credit in § 6426(e). *See* Doc. 1, at 12-13, 14-15. As above, this provision provides a credit against the excise tax for the use of alternative fuel mixtures in the production of motor fuel. Specifically,

> **(e) Alternative fuel mixture credit.** —
>
> **(1) In general.** — For purposes of this section, the alternative fuel mixture credit is the product of 50 cents and the number of gallons of alternative fuel used by the taxpayer in producing any alternative fuel mixture for sale or use in a trade or business of the taxpayer.
>
> **(2) Alternative fuel mixture.** — For purposes of this section, the term "alternative fuel mixture" means a *mixture of alternative fuel and taxable fuel (as defined in subparagraph (A), (B), or (C) of section 4083(a)(1))* which —
>
>> (A) is sold by the taxpayer producing such mixture to any person for use as fuel, or
>>
>> (B) is used as a fuel by the taxpayer producing such mixture.

26 U.S.C. § 6426(e)(1)–(2) (emphasis added).[3]

As the Seventh Circuit observed:

---

3. All references herein are to the statute prior to the 2019 amendment in the Further Consolidated Appropriations Act, Pub. L. 116-94, 133 Stat. 2534, 3233–34 (2019).

> Note the structure and key terms Congress used in authorizing, defining, and limiting the credit for an "alternative fuel mixture." Subsection (e)(1) states that the AFM credit applies to the use of an "alternative fuel" used in the production of an "alternative fuel mixture." Subsection (e)(2) then defines an "alternative fuel mixture" as a "mixture" of an "alternative fuel" and a "taxable fuel." Note, too, that subsection (e)(2) expressly cross-references another statute (§ 4083(a)(1)(A)–(C)) to define the term "taxable fuel." And also note that nowhere in § 6426(e)(1) or (e)(2) did Congress define the term "alternative fuel."

*U.S. Venture*, 2 F.4th at 1038.

Gasoline is a "taxable fuel." *See* 26 U.S.C. § 6426(e) (incorporating definition of "taxable fuel" from § 4083(a)(1), which provides "[t]he term 'taxable fuel' means—(A) gasoline . . ."). Butane is also a "taxable fuel" under this same definition. This is because the incorporated definition of "taxable fuel" in § 4083(a) provides that "to the extent prescribed in regulations," the term "gasoline" includes "any gasoline blend stock." 26 U.S.C. § 4083(a)(2)(B). Applicable regulations then define "gasoline blendstocks" to include butane. 26 C.F.R. § 48.4801-1(c)(3)(i)(B); *see also Phila. Energy Sols.*, 89 F.4th at 1367; *U.S. Venture*, 2 F.4th at 1038-39.

With this, gasoline and butane are both "taxable fuels." "The rest," the Fifth Circuit explained, "is downhill." *Vitol, Inc.*, 30 F.4th at 254. "[A] plain reading of § 6426(e) suggests that a mixture of butane and gasoline would not be a 'mixture of alternative fuel and taxable fuel,' as required for the alternative fuel mixture credit, but rather a mixture of taxable fuel and taxable fuel. Such a combination then does not appear to qualify for the sought-after credit." *Phila. Energy Sols.*, 89 F.4th at 1367-68; *U.S. Venture*, 2 F.4th at 1039 ("We therefore conclude that butane is not an 'alternative fuel' within the meaning of § 6426(e), and U.S. Venture's addition of butane to the gasoline it produces and sells does not qualify for the AFM tax credit."); *Phila. Energy Sols. Refin. & Mktg., LLC v. United States*, 2022 WL 893872 (Fed. Cl.) ("Section 6426(e)(2) requires a 'mixture' of an 'alternative fuel' and a 'taxable fuel,' the natural reading of

which leads inexorably to the conclusion that an 'alternative fuel' is distinct from a 'taxable fuel,' and both must be present for the credit to apply.")

Plaintiffs, however, contend it is not so simple. They assert the terms "taxable fuel" and "alternative fuel" are not mutually exclusive, and that butane is a "liquefied petroleum gas," a substance explicitly identified as an "alternative fuel" in the previous statutory subsection: 26 U.S.C. § 6426(d). Therefore, Plaintiffs argue, a mixture of butane and gasoline can qualify for the alternative fuel mixture credit. The Court, aligning itself with the other courts to consider this question, disagrees.

First, the credit provisions must be read in the context of the taxing provisions they reference. That is, the credit provisions "cannot be read divorced from [the] 'against the tax imposed by'" language referencing the underlying excise tax. *See Delek U.S. Holdings, Inc. v. United States*, 32 F.4th 495, 498-99 (6th Cir. 2023) (explaining that in interpreting a tax credit provision, the Court must "give meaning" to the related excise tax provision). "Section 6426 separates taxable fuels and alternative fuels using two distinct subparts. And in those subparts, § 6426 expressly references the structural relationships between its credits and the taxes they offset, imposed at § 4081 and § 4041." *Vitol*, 30 F.4th at 254; *see also Phila. Energy Sols.*, 89 F.4th at 1367 ("Because the language of § 4083—the section explicitly cross-referenced to provide the meaning [of] 'taxable fuel' for the alternative fuel mixture credit—unambiguously informs us that butane is a 'taxable fuel' for purposes of the fuel excise tax, it is similarly a 'taxable fuel' for purposes of the credit.")

Second, the Court agrees with the three Circuit Courts that the dichotomous statutory structure distinguishing between alternative fuels and taxable fuels, "defining the two to be exclusive of one another for purposes of the applicable excise tax," defeats Plaintiffs' arguments

7

that butane can be both for purposes of the tax credit provisions. *U.S. Venture*, 2 F.4th at 1040; *Vitol*, 30 F.4th at 254 ("[T]he statutory framework is mutually exclusive: A given fuel is either taxable or alternative, but not both."); *see also Phila. Energy Sols.*, 89 F.4th at 1370 ("[W]e reject [plaintiff's] argument that the taxable fuel-alternative fuel dichotomy present in the excise tax provisions of the Tax Code does not extend to its tax credit provisions.").

Third, having agreed above with the Circuit Courts' analysis of the statutory scheme, Plaintiffs' argument that the Court should instead look to § 6426(d)(2)(A) and the ordinary or industry definition of "liquid petroleum gas" falls flat. Divorced from the statutory structure, Plaintiff's argument that butane is a liquefied petroleum gas and thus an "alternative fuel" might carry the day. *See U.S. Venture*, 2 F.4th at 1040 ("The [plaintiff's] position makes good sense in some respects. If Congress had drafted § 6426(e) in an altogether different way—where statutory terms were not defined and where meaning could not be discerned from the surrounding language—[the plaintiff's] approach may be right."). But "[w]hen a statute includes an explicit definition, we must follow that definition, even if it varies from a term's ordinary meaning." *Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 160 (2018) (citation modified). Thus, the Court "cannot get to the point of concluding that butane is an 'alternative fuel' within the meaning of § 6426(e), especially when [it] read[s] that provision against the broader backdrop of fuel excise tax provisions to which the AFM tax credit applies." *U.S. Venture*, 2 F.4th at 1040.

Finally, Plaintiffs further contend the Government "has not shown that butane is always a taxable fuel." (Doc. 29, at 32) (capitalization altered). However, the Court agrees with the Government that the only butane at issue, based on the allegations in the Counts at issue for purposes of the pending motion, is butane that was blended with gasoline and sold for use as fuel. *See* Doc. 1, at 10 ("During the Disputed Tax Periods . . . [Plaintiffs] purchased and

produced butane, *which it then blended with gasoline*, to create butane-gasoline mixtures" and "sold the resulting butane-gasoline mixtures for use as fuel."). Indeed, this is the only way in which Plaintiffs could even make the present argument that the gasoline qualifies for the tax credit. *See* Doc. 30, at 10 ("To get over the hurdle of filing the credit claims with the IRS in the first instance, and then seeking review in this Court once that claim was denied, the Plaintiffs have alleged that the butane at issue in Counts II and V was blended to make finished gasoline.")

The Court has considered Plaintiffs' other arguments to the contrary and finds them unpersuasive. For the above reasons, as well as the well-reasoned analyses provided by the Circuit Courts in *Philadelphia Energy Solutions*, *U.S. Venture*, and *Vitol*, the Court finds the Government is entitled to judgment on the pleadings on Counts II and V of Plaintiffs' Complaints.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Partial Judgment on the Pleadings (Doc. 27) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2026